IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHANNON BENTLEY,

    Petitioner,

v.                                   Case No. 5:22cv190/TKW/MAL

KEVIN PISTRO,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Shannon Bentley initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking sentencing credits to which she believes she is entitled under the First Step Act (FSA), and exceptional review under the CARES Act, and ultimately Home Confinement. ECF No. 1. This case is before the court on the Government's response thereto. ECF No. 10. Bentley did not file a reply.

After careful consideration of the petition, response and relevant law, I recommend the § 2241 petition be denied because Bentley did not exhaust her administrative remedies as to Ground One and her request for relief as to Ground Two is moot.

## I. BACKGROUND/DISCUSSION

At the time she filed her petition, Bentley was in custody at the Federal Prison Camp in Marianna, Florida. ECF No. 1 at 7. She is currently under the supervision of the Orlando Residential Reentry Management Office with a projected release of May 13, 2026. *See* https://www.bop.gov/inmateloc/. Bentley has not updated her address with the Court, despite having been instructed to do so. *See* ECF No. 5 at 2.

Bentley's combined § 2241 petition and attachment is virtually identical to that filed by multiple other petitioners in this court. She raises two claims. First, she asserts she has not received FSA credits to which she is entitled. ECF No. 1 at 3. Bentley checks "No" on the form to indicate she has not presented her claim for FSA credit to the Bureau of Prisons through the grievance system or other administrative proceeding. *Id.*[1] Second, she contends she was entitled to release under the CARES Act, but she was denied exceptional review due to her percentage of time served. *Id.*

In his response the Warden contends the petition is subject to dismissal because Bentley has not exhausted her administrative remedies as to Ground One and the Court does not have authority to order home confinement under the CARES Act. ECF No 10. Bentley has presented nothing to rebut the Warden's response.

---

[1] In the attachment to the § 2241 form, Petitioner makes a contrary assertion about exhaustion which the Court does not credit, having seen the identical memorandum in multiple cases, submitted without apparent regard to the veracity or applicability of the allegations contained therein. ECF No. 1-1 at 6; *see e.g.,* Case 5:22cv228/TKW.

### A. Exhaustion is required before filing a § 2241 petition.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate

may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020). If the inmate does not receive a response within the time allotted for reply at any level, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

    The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* ECF No. 10-3 at ¶ 3. Remedies filed at the institutional level are given an identifying number and the suffix "- F." *Id.* at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the

Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id.* If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for the rejection. *Id.* (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Bentley did not exhaust her administrative remedies before filing the instant petition, and Bentley has offered nothing to suggest otherwise.

**B. Bentley has not exhausted her administrative remedies.**

Respondent has presented uncontroverted evidence, in the form of a declaration signed by Bridgitte Forward, Secretary to the Associate Warden at FCI

Marianna, that Bentley has not exhausted her administrative remedies as to her FSA claim. ECF No. 10-3.

Forward states in her declaration dated November 18, 2022, that her review of the SENTRY database reflects Bentley has filed 18 administrative remedies since July 24, 2020. ECF No. 10-3, ¶ 11. Of these filings, only one is related to the calculation and application of federal time credits under the FSA: Administrative Remedy 1081885-F1, dated May 21, 2021. *Id.* at ¶ 12; ECF No. 10-3 at 9. This remedy request was denied on May 28, 2021, and Bentley did not file an appeal to the Regional Office. ECF No. 10-3 at ¶ 12.

Because Bentley did not properly complete all levels of the BOP's administrative remedy process as to this claim, it should be dismissed for failure to exhaust.

### C. Bentley's Request to be placed on Home Confinement is Moot

Respondent Warden concedes Bentley has exhausted her administrative remedies with respect to her claim relating to home confinement. ECF No. 10-3 at 3, ¶ 13. The Court does not have the authority to order Bentley's placement on home confinement. *See United States v. Witt*, 43 F. 4th 1188, 1198 fn.6 (11th Cir. 2022). In any event, such a request is moot because the Court has confirmed from the Orlando Residential Reentry Office that Bentley was placed on home confinement

as of July 27, 2023. *See, e.g., Casper v. Cohen*, Case 2:22cv53-RAH-SMD; 2022 WL 3130862 (M.D. Ala. Jul. 19, 2022).

Accordingly, it is respectfully RECOMMENDED:

1. Bentley's petition under 28 U.S.C. § 2241 (ECF No. 1) be DENIED and dismissed.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 19, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.